# 10

# MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C. 
### Attorneys and Counselors

JAMES S. BRADY
ATTORNEY AT LAW
616.831.1705
616.988.1705 fax
bradyj@mjsc.com
www.millerjohnson.com

CALDER PLAZA BUILDING
250 MONROE AVENUE NW, SUITE 800
P.O. BOX 306
GRAND RAPIDS, MICHIGAN 49501-0306
616.831.1700

**MERITAS** LAW FIRMS WORLDWIDE

January 9, 2004

### VIA FACSIMILE & U.S. MAIL

Mr. Thomas F. Koernke
Koernke & Crampton, P.C.
940 Monroe Avenue, N.W.
Suite 250
Grand Rapids, MI 49503

    Re:    Ryan v McGinn-Loomis, et al
             Case No. 1:03-cv-439

Dear Tom:

      Thank you for your telephone call informing me that you are representing Judge Gardner and her staff in connection with their depositions.

      I understand that your clients have agreed to appear for their depositions on Monday, January 12, 2004, beginning at 2:00 p.m. But I also understand that you will not allow your clients to testify regarding certain subject matters.

      I previously advised Judge Gardner of the general subject matters that we intended to explore during the depositions. Importantly, those subject matters do not include the merits or substance of Case No. 01-09528-DZ, over which Judge Gardner presided. Nor will I ask a single question regarding Judge Gardner's mental processes in arriving at her judicial decisions. I agree that questions in these areas are generally (but no always) off limits.

      I do, however, intend to examine Judge Gardner and her staff regarding facts and events that they either observed or participated in. The case law that we have examined draws a sharp distinction between questions about facts observed by a judge and questions regarding a judge's mental processes in arriving at a particular decision. The latter is generally not a proper subject matter for examination; the former is perfectly

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

Mr. Thomas F. Koernke
January 9, 2004
Page 2

---

appropriate. *See, e.g., United States v. Morgan*, U.S. 409, 421; 61 S.Ct. 999; 85 L.Ed. 1429 (1941) (It is generally inappropriate to question a judge regarding his mental processes in deciding an issue); *United States v. Roebuck*, 271 F.Supp.2d 712, 718 (Dist. Virgin Islands, 2003) ("[A] judge may be called to testify to relevant matters of fact that do not probe into or compromise the mental processes employed in formulating the judgment in question."); *Joachim v. Chambers*, 815 S.W.2d 234, 239 (Tex., 1991) ("A judge must, like everyone else, testify to relevant facts within his personal knowledge when summoned to do so.")

As I explained to you, I have no objection to alerting you to the general subject matters that I intend to explore with Judge Gardner and her staff during their depositions. They are as follows:

- The relationships between Judge Gardner and her staff and Adele McGinn-Loomis.

- The relationships between Judge Gardner and her staff and Mary Benedict.

- The facts and circumstances surrounding all contacts, ex parte or otherwise, between Judge Gardner and her staff and Adele McGinn-Loomis in regard to Case No. 01-09528-DZ.

- The facts and circumstances surrounding all contacts, ex parte or otherwise, between Judge Gardner and her staff and Mary Benedict in regard to Case No. 01-09528-DZ.

- The manner in which Case No. 01-09528-DZ was assigned to Judge Gardner. This line of questioning may include questions regarding court policies and procedures relating to ex parte contacts and judicial assignments.

- An explanation regarding the timing and sequence of a set of ex parte orders signed September 19, 2001. I will not ask Judge

MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

Mr. Thomas F. Koernke
January 9, 2004
Page 3

---

      Gardner any questions regarding her mental processes in deciding to sign these orders. But I will ask Judge Gardner questions relating to whether she was aware that Case No. 01-09528-DZ had not been filed or assigned to her when she signed the orders on September 19, 2001.

      Of course, as you well know, a deposition can take on a life of its own, depending upon the responses provided by the witness. Although I will set out to cover only the areas described above, I cannot commit to questioning only in these areas. But I can promise you that I will not ask Judge Gardner or her staff any questions relating to Judge Gardner's mental processes in arriving at her decisions.

      With this general explanation of my intended examinations, I request that you advise me in writing whether you will direct your clients not to answer my questions in these areas. If that is your intention, then it makes sense to avoid the inconvenience to your clients of having to appear for deposition only to have you direct them not to answer my questions. We can then bring this issue to Judge McKeague for a ruling.

      I appreciate your cooperation and courtesy in this matter, and I look forward to receiving your response. Thank you.

                  Sincerely,

                  MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

            By
                  James S. Brady

JSB/jgs

802229   79411-001   1/9/04