11

# KOERNKE & CRAMPTON PC
## ATTORNEYS AT LAW

LITIGATORS ■ ARBITRATORS
MEDIATORS
(616)458-7900 ■ (616)458-7997 FAX

THOMAS F. KOERNKE
TKOERNKE@GRANDLAW.COM

JEFFERY S. CRAMPTON
JCRAMPTON@GRANDLAW.COM

THE BOARDWALK
SUITE 250 ■ 940 MONROE NW

January 12, 2004

**<u>Via Facsimile</u>**

Mr. James S. Brady
Miller, Johnson, Snell & Cummiskey, PLC
Calder Plaza Building
250 Monroe Avenue, NW, Suite 800
Grand Rapids, MI 49501-0308

      Re:    Ryan v McGinn-Loomis, et al
               Case No. 1:02-cv-439

Dear Mr. Brady:

      I am writing in response to your letter to me of Friday, January 9, 2004. The letter arrived in our office after the close of business, but we worked over the weekend in order to have a response in your hands by early this morning. Our clients still have this afternoon blocked off and are available to be deposed. Our preference would be that the depositions, if you choose to go forward, be taken here in our offices and that you let my partner or me know as early as possible whether you do or do not want to go forward with the depositions this afternoon.

      The information in your letter is consistent with the more general discussion we had Friday morning concerning fashioning an approach which (1) would allow us to satisfy the requirements of Fed. R. Civ. P. 26(b)(5), (2) would not unduly inconvenience counsel or the potential deponents, and (3) would allow for the potential deponents effectively to assert their judicial privilege. Later in this letter, we will separately respond to each of the inquiry categories enumerated on page 2 of your letter. However, we would like to briefly discuss our analysis of the dimensions of the judicial privilege(s) which our research establishes as applicable.

      First, we believe the Michigan common law of judicial privilege applies regarding the instant three depositions. In *Reycraft v. McDonald*, 194 Mich. 500, 503; 160 N.W. 836 (1916), the Michigan Supreme Court stated the judicial privilege in broad terms ("'We are not disposed to narrow or abridge the right of a citizen to make even an oral complaint before a magistrate charged with the duty of investigating the matters complained of....Such communications are as sacred in the eyes of the law as the communications between client and lawyer, or patient and physician.' We think defendant's [*ex parte*] communication to the probate judge in this case was equally a matter of absolute privilege."). Second, as Judge Gardner expressed to you in her recent

*Mr. James S. Brady*
*1-12-2004*
*Page 2 of 4*

## KOERNKE & CRAMPTON PC
ATTORNEYS AT LAW

correspondence prior to her retention of counsel, Canon 3A(6) of Michigan's Code of Judicial Conduct directs that "a judge should abstain from public comment about a pending or impending proceeding in any court." The Canon continues regarding a judge's staff members "a judge...should require a similar abstention on the part of court personnel subject to the judge's direction and control." Judge Gardner reviewed Canon 3A(6) with her Chief Judge and with the State judiciary's contact person for ethical questions. Both of those sources advised her that the Canon precluded any comment by her or by her staff regarding the specifics of the 2001 state proceeding (Kent County Circuit Court docket number 01-09528-DZ), currently on appeal to the Michigan Court of Appeals, and out of which the instant federal action arises.

Additionally, all of the relevant information which Judge Gardner or her staff could provide, were the matter not subject to a prohibition on comment, is otherwise available to your clients through normal discovery channels. As we understand it, you have not yet taken the deposition of Ms. Adele McGinn-Loomis, the defendant in your pending federal court action upon whose conduct your clients apparently base their state action allegations. We do not know if you have yet deposed the other defendant in the instant action, attorney Mary Benedict. We believe they could answer questions regarding all or virtually all possibly relevant topics regarding the seeking or the entry of the initial *ex parte* Order in the 2001 Kent County Circuit Court proceeding before Judge Gardner. Such discovery would not be precluded by the judicial privilege. Also, Judge Gardner's recollection of the circumstances surrounding her entry of the *ex parte* Order was discussed by Judge Gardner from the bench in ruling upon your clients' October 15, 2001 motion in the state court proceeding seeking Judge Gardner's recusal. In fact, a pleading in the instant federal court action quotes from a letter written in 2002 by counsel for your clients which summarizes Judge Gardner's October 17, 2001 ruling from the bench:

> I did receive a telephone call from Ms. McGinn-Loomis over the dinner hour on September 19, 2001. The length of the conversation I would estimate to be no more than two minutes. The discussion was primarily to apologize for interrupting me at home and to request whether my home phone number could be provided to Ms. Benedict.

Presumably, the complete transcripts of the October 2001 proceedings have been available to your clients and their counsel for over two years. For the foregoing reasons, it appears that all or virtually all of the information you might seek from Judge Gardner and her staff members is readily available to you through discovery which is not impacted by the broad prohibition against judicial comment about the details of a specific state court proceeding.

With this in mind, we turn to the areas of inquiry identified on page two of your January 9, 2004 letter. While any deposition question may be subject to an objection on a basis other than the judicial privilege, without waiving any such objections, the following is our response asserting the judicial privilege where we believe it relates to the listed topics of potential inquiry:

LITIGATORS ■ ARBITRATORS ■ MEDIATORS

*Mr. James S. Brady*
*1/12/2004*
*Page 3 of 4*

## KOERNKE & CRAMPTON PC
ATTORNEYS AT LAW

- The relationships between Judge Gardner and her staff and Adele McGinn-Loomis.

  We believe that, so long as the questions do not relate specifically to Case No. 01-09528-DZ, this may be an appropriate area of inquiry and our clients would not assert the judicial privilege.

- The relationships between Judge Gardner and her staff and Mary Benedict.

  We believe that, so long as the questions do not relate specifically to Case No. 01-09528-DZ, this may be an appropriate area of inquiry and our clients would not assert the judicial privilege.

- The facts and circumstances surrounding all contacts, *ex parte* or otherwise, between Judge Gardner and her staff and Adele McGinn-Loomis in regard to Case No. 01-09528-DZ.

  We believe that this area of inquiry would violate Canon 3A(6) of the Michigan Code of Judicial Conduct and is otherwise privileged. Thus, we would anticipate that Judge Gardner and her staff would assert the privilege to this line of inquiry. By way of further answer, we believe that Judge Gardner has already outlined her recollection of any September 19, 2001 contact with Ms. McGinn-Loomis in the Judge's October 17, 2001 ruling from the bench on your client's motion requesting Judge Gardner's recusal.

- The facts and circumstances surrounding all contacts, *ex parte* or otherwise, between Judge Gardner and her staff and Mary Benedict in regard to Case No. 01-09528-DZ.

  We believe that this area of inquiry would violate Canon 3A(6) of the Michigan Code of Judicial Conduct and is otherwise privileged. Thus, we would anticipate that Judge Gardner and her staff would assert the privilege to this line of inquiry. By way of further answer, we believe that Judge Gardner has already outlined her recollection of any September 19, 2001 contact with Ms. Benedict in the Judge's October 17, 2001 ruling from the bench on your client's motion requesting Judge Gardner's recusal.

- The manner in which Case No. 01-09528-DZ was assigned to Judge Gardner. This line of questioning may include questions regarding court policies and procedures relating to *ex parte* contacts and judicial assignments.

  We believe that the first sentence of this proposed area of inquiry would violate Canon 3A(6) of the Michigan Code of Judicial Conduct and is otherwise privileged. Thus, we would anticipate that Judge Gardner and her staff would assert the privilege in response to the first sentence of this line of inquiry. However, as to the second sentence, we believe that, so long as the questions do

Mr. James S. Brady  
1/12/2004  
Page 4 of 4

**KOERNKE & CRAMPTON PC**  
ATTORNEYS AT LAW

not relate specifically to Case No. 01-09528-DZ, this may be an appropriate area of inquiry and our clients would not assert the judicial privilege.

- An explanation regarding the timing and sequence of a set of *ex parte* orders signed September 19, 2001. I will not ask Judge Gardner any questions regarding her mental processes in deciding to sign these orders. But I will ask Judge Gardner questions relating to whether she was aware that Case No. 01-09528-DZ had not been filed or assigned to her when she signed the orders on September 19, 2001.

We believe that this area of inquiry would violate Canon 3A(6) of the Michigan Code of Judicial Conduct and is otherwise privileged. Thus, we anticipate that Judge Gardner and her staff would assert the privilege to this line of inquiry.

If, after reviewing our response, you still want to take the depositions of Judge Gardner, Ms. Fountain, and Ms. Ingram, we are willing to accommodate that as a matter of courtesy to you and to your clients. There is some natural tension between the absolute common law judicial privilege, on the one hand, and, on the other, providing the requisite response to your inquiries under Fed. R. Civ. P. 26(b)(5). Recognizing that tension, we have attempted to provide sufficient information to satisfy Fed. R. Civ. P. 26(b)(5). Please understand, however, that by possibly answering some of the limited lines of inquiry set forth above, our clients are not waiving the judicial privilege as to any other line of questioning.

Very truly yours,

KOERNKE & CRAMPTON PC

*Thomas F. Koernke* (signature)

Thomas F. Koernke

LITIGATORS ■ ARBITRATORS ■ MEDIATORS