1.

# KOERNKE & CRAMPTON PC
## ATTORNEYS AT LAW



LITIGATORS ■ ARBITRATORS
MEDIATORS
(616)458-7900 ■ (616)458-7997 FAX

THE BOARDWALK
SUITE 250 ■ 940 MONROE NW

THOMAS F. KOERNKE
TKOERNKE@GRANDLAW.COM

JEFFERY S. CRAMPTON
JCRAMPTON@GRANDLAW.COM

January 23, 2004

**Via Facsimile**

James S. Brady, Esq.
Miller, Johnson, Snell & Cummiskey, PLC
Calder Plaza Building
250 Monroe Avenue, NW, Suite 800
Grand Rapids, MI 49501-0308

Re: **Ryan v McGinn-Loomis, et al.**
**Case No. 1:03-cv-439**

Dear Jim:

I am writing in response to the subpoena to the Hon. Patrick Hillary issued by your firm in the referenced matter. Prior to issuing the subpoena, you telephoned me and informed me that the subject of inquiry would be limited to a telephone conversation (or conversations) which Judge Hillary may have had with one or both of the defendants in the referenced case (Ms. Adele McGinn-Loomis and attorney Mary Benedict) on the evening of September 19, 2001.

As we have discussed, in proceeding with this matter, our goal is an approach which (1) would allow us to satisfy the requirements of Fed. R. Civ. P. 26(b)(5), (2) would not unduly inconvenience counsel or the potential deponents, and (3) would allow for the potential deponents effectively to assert their judicial privilege.

We believe the common law of judicial privilege applies regarding the instant deposition. For example, in *Reycraft v. McDonald*, 194 Mich. 500, 503; 160 N.W. 836 (1916), the Michigan Supreme Court stated the judicial privilege in broad terms ("'We are not disposed to narrow or abridge the right of a citizen to make even an oral complaint before a magistrate charged with the duty of investigating the matters complained of....Such communications are as sacred in the eyes of the law as the communications between client and lawyer, or patient and physician.' We think defendant's [*ex parte*] communication to the probate judge in this case was equally a matter of absolute privilege."). Additionally, we believe that Canon 3A(6) of Michigan's

*James S. Brady, Esq.*  KOERNKE & CRAMPTON PC
*January 23, 2004*  ATTORNEYS AT LAW
*Page 2 of 2*

Code of Judicial Conduct precludes Judge Hillary from testifying regarding the topic which you seek to explore with him.

After consulting with his Presiding Judge and with his counsel, Judge Hillary has determined that Canon 3A(6) of Michigan's Code of Judicial Conduct and the common law of judicial privilege generally would compel him to assert his judicial privilege in response to questions regarding the proposed subject of your examination. As we did with the subpoena previously issued to Kent County Circuit Court Judge Patricia Gardner, we are responding to you promptly to allow you to proceed as you choose.

Judge Hillary has scheduled Circuit Court matters on his docket for 2:00 p.m. on Tuesday, January 27. However, should you want to go forward with his deposition and have him assert the privilege in response to your proposed questions, please call me and we will make every effort to find a time late in the afternoon or early in the evening on January 27 when Judge Hillary would be available. If such a deposition is initiated, Judge Hillary may prefer to have it taken in one of the conference rooms on the judicial corridor on the 9th floor of the Hall of Justice. A reissued deposition notice or subpoena will not be necessary. All that would be necessary is an agreement between counsel as to the time and location.

Very truly yours,

KOERNKE & CRAMPTON PC

Thomas F. Koernke

TFK/mkm