# 1

CODE OF JUDICIAL CONDUCT

## CANON 3
## A Judge Should Perform the Duties of Office Impartially and Diligently

The judicial duties of a judge take precedence over all other activities. Judicial duties include all the duties of office prescribed by law. In the performance of these duties, the following standards apply:

A. **Adjudicative Responsibilities.**

(1) A judge should be faithful to the law and maintain professional competence in it. A judge should be unswayed by partisan interests, public clamor, or fear of criticism.

(2) A judge may require lawyers, court personnel, and litigants to be appropriately attired for court and should enforce reasonable rules of conduct in the courtroom.

(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and should require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control.

(4) A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding, except as follows:

(a) A judge may allow ex parte communications for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits, provided:

(i) the judge reasonably believes that no party or counsel for a party will gain a procedural or tactical advantage as a result of the ex parte communication, and

(ii) the judge makes provision promptly to notify all other parties and counsel for parties of the substance of the ex parte communication and allows an opportunity to respond.

(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.

(c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.

(d) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge.

(e) A judge may initiate or consider any ex parte communications when expressly authorized by law to do so.

(5) A judge should dispose promptly of the business of the court.

(6) A judge should abstain from public comment about a pending or impending proceeding in any court, and should require a similar abstention on the part of court personnel subject to the judge's direction and control. This subsection does not prohibit a judge from making public statements in the course of official duties or from explaining for public information the procedures of the court or the judge's holdings or actions.

(7) A judge should prohibit broadcasting, televising, recording, or taking of photographs in or of the courtroom during sessions of court or recesses between sessions except as authorized by the Supreme Court.*

(8) A judge may properly intervene in a trial of a case to promote expedition, and prevent unnecessary waste of time, or to clear up some obscurity, but the judge should bear in mind that undue interference, impatience, or participation in the examination of witnesses, or a severe attitude on the judge's part toward witnesses, especially those who are excited or terrified by the unusual circumstances of a trial, may tend to prevent the proper presentation of the cause, or the ascertainment of truth in respect thereto.

Conversation between the judge and counsel in court is often necessary, but the judge should be studious to avoid controversies that are apt to obscure the merits of the dispute between litigants and lead to its unjust disposition. In addressing counsel, litigants, or witnesses, the judge should avoid a controversial manner or tone.

C

Federal Rules Decisions
1998

**\*363 CODE OF CONDUCT FOR UNITED STATES JUDGES** [FN1]

Copyright 1998 by West Publishing Company

Introduction

   This Code applies to United States Circuit Judges, District Judges, Court of International Trade Judges, Court of Federal Claims Judges, Bankruptcy Judges, and Magistrate Judges.  Certain provisions of this Code apply to special masters and commissioners as indicated in the "Compliance" section.  In addition, the Tax Court, Court of Veterans Appeals, and Court of Appeals for the Armed Forces have adopted this Code.  Persons to whom the Code applies must arrange their affairs as soon as reasonably possible to comply with the Code and should do so in any event within one year of appointment.

   The Judicial Conference has authorized its Committee on Codes of Conduct to render advisory opinions concerning the application and interpretation of this Code only when requested by a judge to whom this Code applies.  Requests for opinions and other questions [FN2] concerning this Code and its applicability should be addressed to the Chairman of the Committee on Codes of Conduct as follows:

   Chairman, Committee on Codes of Conduct

   c/o General Counsel

   Administrative Office of the United States Courts

   One Columbus Circle, N.E.

   Washington, D.C. 20544

   (202) 273-1100

[FN1].  The **Code** of Conduct for United States **Judges** was initially adopted by the Judicial Conference on April 5, 1973, and was known as the "**Code** of Judicial Conduct for United States **Judges**."  At its March 1987 session, the Judicial Conference deleted the word "Judicial" from the name of the Code.  Substantial revisions to the Code were adopted by the Judicial Conference at its September 1992 session.  Section C. of the Compliance section, following the code, was revised at the March 1996 Judicial Conference.  Canons 3C(3)(a) and 5C(4) were revised at the September 1996 Judicial Conference.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

CANON 3

A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE IMPARTIALLY AND DILIGENTLY

The judicial duties of a judge take precedence over all other activities. In performing the duties prescribed by law, the judge should adhere to the following standards:

A. Adjudicative Responsibilities.

(1) A judge should be faithful to and maintain professional competence in the law, and should not be swayed by partisan interests, public clamor, or fear of criticism.

(2) A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and should require similar conduct of those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

(4) A judge should accord to every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte communications on the merits, or procedures affecting the merits, of a pending or impending proceeding. A judge may, however, obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond. A judge may, with consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

(5) A judge should dispose promptly of the business of the court.

(6) A judge should avoid public comment on the merits of a pending or impending action, requiring similar restraint by court personnel subject to the judge's direction and control. This proscription does not extend to public statements made in the course of the judge's official duties, to the explanation of court procedures, or to a scholarly presentation made for purposes of legal education.

*368 B. Administrative Responsibilities.

(1) A judge should diligently discharge the judge's administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.

(2) A judge should require court officials, staff, and others subject to the judge's direction and control, to observe the same standards of fidelity and diligence applicable to the judge.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works